**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Jon King, | No. CV-17-01676-PHX-GMS (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Bradley Jon King has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.     Summary of Conclusion.**

Petitioner raises two grounds for relief in his timely Petition. Petitioner's claim in Ground One is procedurally defaulted because he did not raise this claim in the state courts. Ground Two is procedurally defaulted because the Arizona Court of Appeals applied a proper procedural bar when it denied relief. Petitioner offers no cause and prejudice to excuse his default. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.    Background.**

**A.    Facts of the Crimes.**

The Arizona Court of Appeals found:

> Victim parked his van in a Fry's Electronics parking lot while he went into the store. The van had a bicycle rack "bolted in" and "permanently affixed" to the back with two bicycles secured to the rack with a heavy duty cable and locks. Victim covered the bikes with a barbecue cover secured with bungee cords to keep the bicycles clean and dry. A loss-prevention employee of Fry's [E]lectronics saw a red pickup truck leave a parking space, drive "by a van that had two racing bikes on it," and then park in another spot. He saw two men exit the truck, walk over to the van, take the bikes off the rack, and put them in the back of their truck and drive away.
>
> When Police Officer Brian Sergeant arrived, a security officer pointed to the red truck and said, "That's the truck that was involved." After Officer Sergeant pulled defendant over and placed him in investigative detention, defendant stated "the passenger of the truck had nothing to do with the stealing of the bicycles." When Officer Sergeant asked him why he took the bicycles, defendant responded that he "wanted them." Officer Sergeant found a "pair of bolt cutters and some cables" inside the truck. At the back of the van police officers found "cut locks" and a cable identical to that found in defendant's truck.

(Doc. 13, Ex. F, at 69.)

### B. Jury Trial and Sentencing.

After a jury trial, Petitioner was convicted of Burglary, Theft, and Possession of Burglary Tools. (*Id.*) The court sentenced Petitioner to 11.25 years of imprisonment. (*Id.*)

### C. Direct Appeal.

On October 31, 2013, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence for Theft. (*Id.*) The court reversed the Burglary and Possession of Burglary Tools convictions because the prosecution failed to establish Petitioner entered or remained in the van when he stole bicycles from the outside of the van. (*Id.* at 75.)

### D. Petitioner's Post-Conviction Relief Proceeding.

On May 23, 2014, Petitioner's counsel filed a notice stating that counsel found no colorable issues to raise with the court. (Doc. 13, Ex. H, at 83.) On June 21, 2014, Petitioner filed a pro se petition for post-conviction relief. (Doc. 13, Ex. I, at 89.) On August 7, 2014, the court ordered Petitioner to file a declaration, "as required by Rule 32.5," stating under penalty of perjury that the information and attachments were true. (Doc. 13, Ex. J, at 93.) The order stated that a failure to file the declaration by September 8, 2014, would result in a dismissal of the Rule 32 proceeding. (*Id.*) On

October 2, 2014, the court dismissed the Rule 32 proceeding because Petitioner failed to file a declaration. (Doc. 14, Ex. K, at 3.) On October 30, 2014, the court reinstated the proceeding after Petitioner avowed he had mailed a declaration as ordered. (Doc. 14, Ex. N, at 22.) Petitioner raised one claim and argued that his attorney gave him poor advice regarding whether to accept a plea offer. (Doc. 14, Ex. P, at 32.) On December 15, 2014, the court dismissed the petition finding "Defendant has failed to establish a colorable claim of deficient performance" or "prejudice." (*Id*. at 35.)

On January 15, 2015, Petitioner filed a petition for review with the Arizona Court of Appeals. (Doc. 14, Ex. Q, at 37.) On March 14, 2017, the Arizona Court of Appeals granted review but denied relief. (Doc. 14, Ex. S, at 59.) Petitioner did not seek review with the Arizona Supreme Court. (Doc. 1 at 5.)

### E. Petitioner's Federal Habeas Petition.

Petitioner timely filed his pending habeas Petition on May 30, 2017, raising two claims. (Doc. 1.) The Court has summarized these claims as follows:

> In Ground One, he claims that he received ineffective assistance of counsel because his trial counsel failed "to apprise [Petitioner] of the consequences upon the first plea offer timely and appropriately before [the] plea offer expired." In Ground Two, Petitioner contends that "[c]ontrary to state court[']s ruling, the state court ruled incorrectly in correlation to standards of review, i.[e]. *Strickland-v- Washington*; *State-v-Donald* . . . ; and [Petitioner's] 4th, 5th, 6th & 14th Amendment . . . due process rights were violated, via – abuse of discre[]tion by [the] trial court and appeals court."

(Doc. 9 at 2.) On June 29, 2017, Petitioner's brief in support of the Petition was filed. (Doc. 8.) On August 1, 2017, Respondents filed a Response. (Doc. 12.) On October 2, 2017, Petitioner filed a Reply. (Doc. 17.)

### III. Procedural Default.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See id.* at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

### IV. Ground One.

Petitioner alleges his attorney provided ineffective assistance by failing to "to apprise Defendant of the consequences upon the first plea offer timely and appropriately before plea offer expired." (Doc. 1 at 6.) Petitioner asserts he was offered a "one year plea (one year in prison) with probation tail" that could be entered on December 9, 2011. (*Id*.) In his Brief in Support of the Petition, he asserts that he intended to sign the plea offer, but a substitute attorney appeared in court on December 9 and continued the hearing. (Doc. 4 at 8.) He asserts that the plea offer was then revoked, and a subsequent plea offer required seven years of imprisonment. (*Id*. at 9.) He states that "a better plea" was offered on March 5, 2012, but his attorney advised him to reject it. (*Id*.) Petitioner

argues that his counsel "failed to inform King" that the plea offer "would be nullified" if he continued the December 9 hearing. (*Id*. at 11-12.)

Petitioner did not raise this claim in the Arizona courts. In PCR proceedings, Petitioner alleged that "my attorney never sat down with me at any point and did a risk benefit analysis to help me make the correct decision to accept a plea rather than go to trial where it was a 100% certainty I would be convicted beyond a reasonable doubt." (Doc. 14, Ex. O, at 26.) Petitioner argued "my lawyer did not do his job to explain everything I needed to know in order to make an informed decision." (*Id*. at 27.) He asserted "I wasn't given a chance to take [any plea offers] because I was not properly informed about what they meant." (*Id*. at 29.) In a Petition for Review to the Arizona Court of Appeals, Petitioner argued that his first two plea offers were never conveyed to him. He asserted that the "record proves two different plea offers from the state were never communicated to King." (Doc. 14, Ex. Q, at 37.) He argued that the "first two pleas were rejected by a public defender without King's knowledge or consent." (*Id*. at 38.) He stated that "King was unable to make a decision on a plea offer he was unaware existed." (*Id*.) Petitioner requested the Arizona Court of Appeals "reinstate the first plea: a class 3 Felony with one prior open range." (*Id*. at 42.)

Petitioner's claim in Ground One is unexhausted but procedurally defaulted. He did not argue that his first plea offer was revoked based upon a continuance in his case.[1] Petitioner was required to raise this claim in the trial court and present it to the Arizona Court of Appeals. "[A]ll operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id*. Petitioner did not raise this claim in the state

---

[1] Petitioner did present this fact in his PCR Petition. (Doc. 14, Ex. L, at 8.) But Petitioner argued his attorney failed to give him competent advice regarding whether to accept his plea offers. Assuming arguendo that Petitioner raised his habeas claim in the trial court, he failed to also raise it in the Arizona Court of Appeals (where he argued he was unaware the offer existed). (Doc. 14, Ex. Q, at 42.)

courts. Petitioner does not present cause and prejudice to excuse the default. Petitioner does not argue actual innocence and such a claim is unlikely in light of Petitioner's statement that he was "100 %" likely to be convicted at trial. (Doc. 14, Ex. O, at 26.)

In his Reply, Petitioner asserts that *Martinez v. Ryan*, 566 U.S. 1 (2012) (holding that substantial claims of "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial") allows this Court to review Petitioner's claim in Ground One. Petitioner fails to demonstrate that his claim is "substantial." Petitioner presents nothing other than his assertion that he intended to accept the December 9, 2011 plea offer. But he made two other contrary assertions to the state courts. In his PCR proceedings, Petitioner asserted that he rejected his plea offers because "I was not properly informed about what they meant." (Doc. 14, Ex. O, at 29.) In his Petition for Review, Petitioner stated that the "record proves two different plea offers from the state were never communicated to King." (Doc. 14, Ex. Q, at 37.) Petitioner's counsel in PCR proceedings did not provide ineffective assistance by failing to assert a claim that was expressly contrary to Petitioner's avowals in PCR proceedings.

**V. Ground Two.**

Petitioner argues that "the state court ruled incorrectly" regarding Petitioner's ineffective assistance of counsel claims. (Doc. 1 at 7.) In his Brief in Support of Petition, Petitioner appears to argue that (1) the trial court improperly evaluated his ineffective assistance claim (*id.* at 16-17)[2]; (2) the Arizona Court of Appeals "misapplied the material facts" when it found Petitioner "abandoned" his ineffective assistance of counsel claim (*id.* at 17-19); and, (3) cumulative error resulted from the courts' errors (*id.* at 21-22).

---

[2] Petitioner's claim is not a model of clarity. Petitioner argues that "the state's adjudication of this claim according to the findings in *State v. Donald*, supra (2001) resulted in a decision that was an unreasonable application of federal law as enumerated" in *Strickland*. (Doc. 4 at 17.) The Court liberally construes his claim to assert that the trial court applied an incorrect standard when evaluating his claim.

- 6 -

The trial court found that Petitioner's counsel was not deficient. Petitioner alleged that his attorney failed to explain "the certainty of my conviction and the amount of exposure I faced at sentencing." (Doc. 14, Ex. P, at 34.) But the court found that during a settlement conference, a judge explained Petitioner's exposure and noted that his counsel "hoped the case would resolve short of trial." (*Id*.) The court found that Petitioner's claims regarding his counsel were not "credible nor consistent with the record." (*Id*. at 34-35.) The Arizona Court of Appeals found "King abandons the claim raised in his petition for post-conviction relief that his counsel provided improper advice regarding the plea offers and instead argues the superior court erred in failing to find that his counsel was ineffective for not informing him of the existence of the first two offers." (Doc. 14, Ex. S, at 60.)

The Arizona Court of Appeals found Petitioner did not present his appellate claim to the trial court and denied relief under Ariz. R. Crim P. 32.9(c)(1)(ii) (requiring "a statement of issues the trial court decided that the defendant is presenting for appellate review"). Petitioner's claim is procedurally defaulted and barred from review. *See Insyxiengmay*, 403 F.3d at 665 (procedural default "applies to bar federal habeas review when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements"); *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991) (recognizing that the "independent and adequate state ground" doctrine bars federal habeas corpus review where a state court "declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"); *Miloni v. Schriro*, 2006 WL 1652578, *5 (D. Ariz. Jun. 7, 2006) (concluding that a procedural ruling based on Rule 32.9(c) is adequate).

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but procedurally defaulted. The Court will therefore

recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of February, 2018.

Honorable John Z. Boyle
United States Magistrate Judge