**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Jon King,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV 17-01676-PHX-GMS (JZB)<br><br>**ORDER** |

Pending before the Court are Petitioner Bradley Jon King's Petition for Writ of Habeas Corpus (Doc. 1), and United States Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R"), which recommends that the Court deny the Petition. (Doc. 18). Because Petitioner King timely filed objections to part of the R&R, (Doc. 19), the Court will review those issues *de novo*. *United States v. Reyna Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For the following reasons, the Court denies the petition and adopts the R&R.

**BACKGROUND**

On May 2, 2012, Petitioner Bradley Jon King was convicted by a jury of Burglary, Theft, and Possession of Burglary Tools in Maricopa County Superior Court. He was sentenced to a term of imprisonment totaling 25 years. (Doc. 13, at 8–13). King subsequently appealed his conviction to the Arizona Court of Appeals, which reversed his convictions for Burglary and Possession of Burglary Tools, but affirmed his

conviction and sentence for Theft. (*Id.* at 67–76). King is currently serving a sentence of 11.25 years for his remaining conviction.

King then filed a notice for post-conviction relief in state court. (Doc. 13 at 77–81). His appointed post-conviction counsel found that there were no colorable issues to raise. (*Id*. at 83). So King proceeded to file his petition for post-conviction relief pro se. (*Id.* at 85–90). In his initial state post-conviction relief petition, King raised a single claim, alleging that his counsel at trial was ineffective for failing to properly communicate the consequences of declining a specific plea offer before it expired. (Doc. 14 at 26). The Maricopa County Superior Court considered this claim and found that it was not colorable, and accordingly denied his petition for post-conviction relief. (*Id.*, at 30–35). King appealed this determination. (*Id.* at 36–49). The Arizona Court of Appeals found that King had abandoned his ineffective assistance of counsel claim that was presented to the Superior Court, and instead was arguing a different ineffective assistance claim that his counsel had failed to present to him either of two plea offers made by the government. (*Id.* at 59–61). But because King failed to present *this second* ineffective assistance claim to the Superior Court, the Court of Appeals found that both claims were barred from review. (*Id*. at 61).

On May 30, 2017, King timely filed his Petition in federal court which raises two grounds for relief. (Doc. 1). First, King argues—as he did in his original post-conviction relief notice in state court—that his trial counsel was ineffective because the attorney did not properly communicate the consequences of declining a specific plea offer before it expired. (*Id*. at 6). Second, King argues that the state post-conviction trial and appeals courts did not properly evaluate his claims and abused their discretion. (*Id.* at 7).

On February 14, 2018, Magistrate Judge John Z. Boyle issued the R&R. (Doc. 18). The R&R found that both of King's claims are timely, but procedurally defaulted. (*Id*. at 7). King then filed objections to Magistrate Judge Boyle's R&R. (Doc. 19). In his objections, King argues that he is entitled to review of his ineffective assistance of counsel claim (Doc. 19 at 4), and that the Magistrate Judge failed to address his

"competency claim." (*Id.* at 5). After considering King's objections, the Court accepts the R&R.

## DISCUSSION

**I.     Legal Standard**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244 *et seq*. For a state prisoner to receive review of his federal claims in federal court, he must first exhaust all available state remedies. 28 U.S.C. 2254(b)(1)(A).

To exhaust state remedies, a prisoner must "fairly present" his claims to the appropriate state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). A prisoner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citations and internal quotation marks omitted). If a prisoner fails to "fairly present" his claims to the proper state court, his claims are procedurally defaulted and barred from habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). In Arizona, a petitioner does not exhaust a claim for purposes of federal review unless he has presented it to the state Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004).

In this context, a petitioner may overcome a state procedural bar for a single kind of claim—ineffective assistance of counsel at trial—by demonstrating "(1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland*,' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner

must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (citing *Martinez v. Ryan*, 566 U.S. 1, 12 (2012)) (internal citations omitted). *Martinez* is a "narrow exception to *Coleman*'s general rule." *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017).

## II. Analysis

### A. Report and Recommendation on Count Two

Magistrate Judge Boyle found that King's second claim was procedurally defaulted. (Doc. 18 at 7). In his objection to the R&R, King states that he "has established points raised and ignored by . . . the magistrate Judge" and that he "incorporates his reasoning in his limited response 'Ground Two' to this objection" (Doc. 19 at 6), but does not specifically articulate any objections to the Magistrate Judge's finding that Count Two is procedurally defaulted. His objection merely reincorporates his initial arguments to the Magistrate Judge that were considered and rejected in the R&R.

Under Fed. R. Civ. Pro. 72(b)(2), objections made to the report and recommendation of a magistrate judge must be "specific." If a petitioner only makes general objections to a report and recommendation, the district court is relieved of its obligation to review that portion of the report. *See e.g. Martin v. Ryan*, 2014 WL 5432133, *2 (D. Ariz. Oct. 24, 2014) (citing *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19 2013) ("[A] general objection 'has the same effect as would a failure to object.'"). So the Court will accept the findings of the R&R with respect to Count Two.

### B. Count One: Ineffective Assistance of Counsel at Trial

King argues that his rights were violated because his counsel failed to "apprise Defendant of the consequences upon the first plea offer timely . . . before the plea offer expired." (Doc. 1 at 6). In his federal petition, King contends that he raised this claim at the Arizona Court of Appeals. (*Id.*). But the Court of Appeals found that King had abandoned this claim on appeal, where he instead asserted a *different*, ineffective assistance of counsel claim. Rather than appealing his argument that one of the plea

agreements that had been presented to him had not been adequately explained by counsel, he asserted that two plea bargains presented to counsel in his case were not provided by counsel to him. (Doc. 14 at 60).

Because King did not present the "operative facts" of the claim he makes here to the Arizona Court of Appeals, and instead presented a different ineffective assistance of counsel claim, the Court finds Count One is technically exhausted and procedurally defaulted. *See Coleman*, 501 U.S. at 732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies 'available' to him."); *see also Kelly*, 313 F.3d at 1066; *Castillo*, 399 F.3d at 998-999.

King argues further that, even if state courts properly applied a procedural bar to his ineffective assistance of counsel claim, he is still entitled to review under *Martinez v. Ryan*. (Doc. 19 at 4). To overcome a procedural bar under *Martinez*, King must at least show that his ineffective assistance of counsel claim is "substantial." *Cook*, 688 F.3d at 607.

King argued initially in his post-conviction relief petition that an offer for a one year prison sentence was presented to him, and his counsel failed to apprise him of the effects of declining that plea offer. (Doc. 13 at 87). But as the trial court found in King's post-conviction relief proceedings, there is no evidence outside of King's assertions to indicate that this offer even *existed*, much less was communicated to him in an ineffective, constitutionally deficient manner. (Doc. 14. at 35). Because King has failed to demonstrate that his ineffective assistance of counsel claim is "substantial," his claim remains procedurally defaulted and barred from further review. *See Coleman*, 501 U.S. at 732 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law

ground is substantive or procedural."); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (quoting *Coleman*, 501 U.S. at 729).

**C.     Competency**

Finally, Petitioner King also objects to the Magistrate Judge's R&R because he contends it fails to address his "competency claim." (Doc. 19 at 5). King argues for the first time in these proceedings that he has both a state competency claim under Arizona Rule of Criminal Procedure 11, and a federal competency claim, because he was taking medication during his initial trial proceedings. (*Id*. at 2, 5). King did not raise any competency claims on direct appeal of his conviction. While King did note that he was "dizzy . . . confused and slightly incoherent" due to medication during the initial trial in his state post-conviction notice, he did so in the context of his ineffective assistance of counsel claim. (Doc. 13 at 88). He did not cite any legal authority related to competency in his state post-conviction relief petition, nor did he maintain that he was raising a competency claim at any time during the state post-conviction review process. And King even failed to raise competency as an issue in his Petition to this Court. (Doc. 1). Only in his reply brief did King raise competency as an issue. (Doc. 17 at 10). Like his ineffective assistance claim, King failed to present this competency claim to the appropriate state court. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982))

If King were to return to state court now to present his newfound competency claim, the claim would be precluded as waived and untimely under the Arizona Rules of Criminal Procedure. *See* Ariz. Rs. Crim. P. 32.2(a)(3) ("A defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."), 32.4(a) (providing that post-conviction relief motions under Rule 32 "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and

mandate in the direct appeal, whichever is the later"); *see also Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). Thus, as with his other claims, Petitioner's competency claim is technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 732.

## CONCLUSION

Because all of Petitioner's claims are technically exhausted but procedurally defaulted, the Court will deny the petition for habeas relief. Therefore,

**IT IS HEREBY ORDERED** that Magistrate Judge Boyle's R&R (Doc. 18) is adopted.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** that the request for a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 5th day of October, 2018.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge